UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VICTOR PLESCIA,

    Petitioner,                                                                    Case Number 1:13-CV-15137
                                                                                   Honorable Thomas L. Ludington

v.

J.A. TERRIS,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241

Victor Plescia is currently confined at the Federal Correctional Institution in Milan, Michigan. He was convicted following a jury trial in the United States District Court for the Northern District of Illinois of various drug trafficking offenses and then was sentenced to thirty five years in prison. On December 18, 2013, Plescia filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleges that the sentencing judge enhanced his sentence based upon facts that had not been proven beyond a reasonable doubt in violation of his Sixth Amendment right to a trial by jury. For the reasons that follow, the petition will be summarily denied.

**I**

Plescia was convicted of a number of drug trafficking offenses on August 30, 1991, following a jury trial in the United States District Court for the Northern District of Illinois. On January 14, 1992, he was sentenced to thirty-five years' imprisonment on the drug charges. Plecia's conviction was affirmed on appeal. *United States v. Plescia*, 48 F. 3d 1452 (7th Cir. 1995).

Plescia filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied. *United States v. Plescia,* No. 1:97-CV-02919 (N.D. Ill. June 29, 1999). He then filed a petition for

a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which was denied. *Plescia v. Compton*, No. 01-CV-01466 (N.D. Ill. November 30, 2001). The petitioner subsequently filed a second petition for writ of habeas corpus under 28 U.S.C. § 2241, which was also denied. *Plescia v. Grondolsky*, No. 1:09-CV-01257 (D.N.J. April 29, 2009).

Plescia filed the current habeas petition, his third, in which he claims that the judge violated his Sixth Amendment rights by enhancing his sentence based on facts that had not been proven beyond a reasonable doubt to a jury.

## II

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway*, 57 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that it "disapprove[s] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini*, 424 F. 2d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.* District courts have used Rule 4 of the habeas corpus rules

to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See*, *e.g.*, *Perez,* 157 F. Supp. 2d at 796 (additional citations omitted). Because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *Id.*

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998). However, a motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his sentence was imposed in violation of the federal constitution or laws. *Id.*

A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley*, 677 F. 3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F. 3d 753, 758 (6th Cir. 1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Wooten*, 677 F. 3d at 303; *Charles*, 180 F. 3d at 756. Similarly, a habeas petitioner's § 2255 remedy is not inadequate merely because the petitioner permitted the one year statute of limitations contained in the Antiterrorism and Effective

Death Penalty Act (AEDPA) to expire. *Id.* at 758.

The circumstances under which a motion to vacate sentence brought pursuant to § 2255 might be deemed inadequate and ineffective so as to permit relief via a writ of habeas corpus under § 2241 are narrow, as the "liberal allowance" of the writ would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by the AEDPA. *United States v. Peterman*, 249 F. 3d 458, 461 (6th Cir. 2001). To date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to use § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence. *Charles*, 180 F. 3d at 757.

Courts have therefore found § 2255 to be an inadequate or ineffective remedy to test the legality of the conviction where:

> 1. at the time of the conviction, the settled law of the Circuit or Supreme Court established the legality of the conviction;
>
> 2. subsequent to the prisoner's direct appeal and his or her first § 2255 motion, the substantive law changed such that the conduct for which the prisoner was convicted is deemed not to be criminal; and,
>
> 3. the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Rumler v. Hemingway*, 171 F. Supp. 2d 705, 709 (E.D. Mich. 2001).

Plescia contends that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by Plescia when scoring his sentencing guidelines and fashioning his sentence.

On June 17, 2013, the United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven

beyond a reasonable doubt. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 ( 2013). *Alleyne* is an extension of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), in which the U.S. Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. By extending the logic of *Apprendi* and *Blakely* to apply to mandatory minimums as well as mandatory maximums, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), in which it had previously held that only factors that increase a mandatory maximum sentence must be proven beyond a reasonable doubt to a factfinder. *See Alleyne,* 133 S. Ct. at 2157-58. Plescia contends that *Alleyne* changed the substantive law such that § 2255 does not provide an adequate remedy for his claims.

But Plescia has not demonstrated that § 2255 is an inadequate remedy with which to bring a challenge under *Alleyne* to the scoring of his sentencing guidelines. The mere fact that Plescia is precluded by AEDPA from bringing a second or successive motion to vacate sentence in which he could raise an *Apprendi/Alleyne* claim does not render his remedy under § 2255 to be inadequate or ineffective. In fact, the third prong of the inadequate and ineffective analysis set forth in *Rumler* cannot be satisfied here because the holdings in *Apprendi*, *Blakely*, and *Alleyne* involve a new constitutional rule of law. As a constitutional rule, such a challenge is "explicitly subject to the gatekeeping provisions of § 2255." *Rumler*, 171 F. Supp. 2d at 710. Constitutional challenges brought by federal inmates to the validity of a conviction or sentence must therefore be brought under § 2255, as Congress had intended. *Id.* The fact that *Apprendi*, *Blakely*, and *Alleyne* have not

yet been made retroactive to cases on collateral review[1] does not make Plescia's remedy under § 2255 an inadequate or ineffective remedy so as to permit him to bring a Sixth Amendment challenge in a petition for writ of habeas corpus under § 2241. Relief under § 2255 will become available to federal defendants like Plescia if and when *Apprendi*, *Blakely*, and *Alleyne* are made retroactively applicable to cases on collateral review. *See Robinson v. Hemingway*, 175 F. Supp. 2d 915, 918 (E.D. Mich. 2001). Therefore, an *Apprendi* based claim like the one that Plescia asserts may not be brought under § 2241 when § 2255 may in due course provide adequate and effective relief for any "well-founded" *Apprendi/Alleyne* claim. *Rumler*, 171 F. Supp. 2d at 710.

Plescia's sentencing claim does not fall within the actual innocence exception that would allow him to file a § 2241 petition, because the Sixth Circuit has on numerous occasions held that a habeas petitioner's challenge to his sentence cannot serve as the basis for an actual innocence claim under § 2241. *See Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011); *Bannerman v. Snyder*, 325 F. 3d 722, 724 (6th Cir. 2003); *Raymer v. Barron*, 82 F. App'x 431, 432 (6th Cir. 2003); *Leon v. Hemingway*, 53 F. App'x 353, 354 (6th Cir. 2002).

### III

Accordingly, it is **ORDERED** that the Petition for Writ of Habeas Corpus, ECF No. 1, is

---

1 *Apprendi* has not been made retroactive to cases on collateral review for the purpose of authorizing a second or successive motion to vacate sentence, either by the Sixth Circuit or by the Seventh Circuit, the circuit that the petitioner was convicted in. *See In Re Clemmons*, 259 F. 3d 489, 492-93 (6th Cir. 2001) (*Apprendi* not retroactive for purposes of authorizing a second or successive § 2255 motion to vacate sentence); *Hernandez v. United States*, 226 F. 3d 839, 840-41 (7th Cir. 2000) (same). The Sixth and Seventh circuits have also concluded that the Supreme Court's decision in *Blakely* has not been made retroactive to cases on collateral review. *See Humphress v. United States*, 398 F.3d 855, 863 (6th Cir.2005); *Simpson v. United States*, 376 F. 3d 679, 681 (7th Cir. 2004). Most importantly, there is no indication that the Supreme Court made their holding in *Alleyne* retroactive to cases on collateral review, so as to authorize the filing of a second or successive motion to vacate sentence. *See*, *e.g.*, *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (*Alleyne* does not apply retroactively to cases on collateral review so as authorize a successive motion to vacate sentence); *Cf. Gibson v. Tribley*, No. 10-13364, 2013 WL 3353905, * 8 (E.D. Mich. July 3, 2013) (*Alleyne* not retroactive for purposes of granting habeas relief to state prisoner).

**DENIED**.  Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Plescia need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

Dated: May 12, 2014                                                         s/Thomas L. Ludington
                                                                                            THOMAS L. LUDINGTON
                                                                                            United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Victor Plescia #01387424, Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Milan, MI 48160 by first class U.S. mail, on May 12, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS

---